22-1476-cv
*Xaviera Romero v. St. Vincent's Services, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

XAVIERA ROMERO,

> *Plaintiff-Appellant*,

v.                                                                            22-1476-cv

ST. VINCENT'S SERVICES, INC., AKA HEARTSHARE
ST. VINCENT'S SERVICES ("HSVS"),

> *Defendant-Appellee*.

_____


For Plaintiff-Appellant:             DANIEL E. DUGAN (Stewart Lee Karlin, *on the briefs*), Stewart Lee Karlin Law Group, PC, New York, NY.

For Defendant-Appellee:          STEFANIE TOREN, Clifton Budd & DeMaria, LLP, New York, NY.

1

Appeal from a judgment of the U.S. District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Xaviera Romero ("Romero") appeals from a June 10, 2022 order of the U.S. District Court for the Eastern District of New York (Matsumoto, *J.*) granting summary judgment to Defendant-Appellee Heartshare St. Vincent's Services ("HSVS"). Romero alleged that HSVS, her former employer, discriminated against her because of her gender by terminating her due to her pregnancy, perceived pregnancy, and pregnancy-related medical conditions, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Act of 1978, *id.* § 2000e(k), the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* For the reasons set forth below, we affirm the district court's judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

The standard for granting summary judgment is well established. Summary judgment is granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party." *Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006). To determine whether there is any genuine dispute as to material facts, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment

2

is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003). The party seeking summary judgment bears the burden to demonstrate that no such disputes exist, and "[a] fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). Further, "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

Title VII prohibits employers from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1).[1] In 1978, Congress amended Title VII and specified that the term "because of sex" prohibits discrimination "on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k). As amended, Title VII further provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." *Id.*

As with other Title VII claims, we apply the three-step burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 (2d Cir. 2019). A plaintiff establishes a prima facie case "by showing that: (1) she is a member of a protected class; (2) she satisfactorily performed the duties required by the

---

[1] "We typically treat Title VII and NY[S]HRL discrimination claims as analytically identical, applying the same standard of proof to both claims." *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 n.7 (2d Cir. 2019) (quoting *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 n.9 (2d Cir. 2008)) (addressing federal and state law-based pregnancy discrimination claims together because the parties did so). Here, the parties agree that pregnancy discrimination is actionable under the NYSHRL and that the same standard applies to Romero's Title VII and NYSHRL claims.

position; (3) she was discharged; and (4) . . . the discharge occurred in circumstances giving rise to an inference of unlawful discrimination." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 401 (2d Cir. 1998) (citation and internal quotation marks omitted).

"If the plaintiff establishes a prima facie case, 'a presumption of discriminatory intent arises and the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its policy or action.'" *Lenzi*, 944 F.3d at 107 (quoting *Legg v. Ulster County*, 820 F.3d 67, 73 (2d Cir. 2016)). "If the employer puts forth a legitimate, non-discriminatory justification, the presumption drops out of the analysis and the plaintiff must establish, by a preponderance of the evidence, that the employer's justification is a pretext for discrimination." *Legg*, 820 F.3d at 73–74.

As under Title VII and the NYSHRL, "[p]regnancy discrimination is a form of gender discrimination under the NYCHRL." *Chauca v. Abraham*, 841 F.3d 86, 90 n.2 (2d Cir. 2016). We have said that "courts must analyze NYCHRL claims separately and independently from any federal and state law claims" because the statute has more liberal pleading standards. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Under the NYCHRL, "summary judgment is appropriate if 'the record establishes as a matter of law' that discrimination . . . 'play[ed] no role' in the defendant's actions." *Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 76 (2d Cir. 2015) (quoting *Mihalik*, 715 F.3d at 110 n.8).

We need not decide whether Romero established a prima facie case because the record is clear that Romero failed to meet her burden to demonstrate that HSVS's purported legitimate, non-discriminatory justifications for her termination were a pretext for discrimination. HSVS argues that the reasons for Romero's termination were her pattern of poor treatment of employees and her insubordination based on refusing to implement a proposal suggested by her supervisor. Romero

4

admitted that she was aware that multiple employees complained to her supervisors about her professionalism and management decisions. In addition, HSVS put forth evidence that, on September 14, 2018, before Romero provided her doctor's note, Romero's supervisor and other high-level managers and officers had a call in which HSVS's executive director recommended terminating Romero's employment because of the employee complaints and insubordination.

Romero argues that HSVS's reasons are pretextual because her supervisors did not discuss employee complaints with her, did not counsel her on her management style, and did not follow HSVS's progressive discipline protocol. She also points to the fact that she received a favorable 2017 performance review as well as a raise and a bonus in 2018, and did not receive an annual performance review in 2018. However, Romero has not put forth evidence to dispute that she was aware of the employee complaints or that the complaints and the belief that she was insubordinate motivated HSVS's decision to terminate her employment. In fact, her 2017 performance evaluation references employee complaints and the need for additional training related to management skills. Moreover, Romero has produced no evidence suggesting animus toward her protected status or that anyone at HSVS was motivated to fire her for discriminatory reasons. On this record, Romero has failed to establish by a preponderance of the evidence "that the employer's justification is a pretext for discrimination." *Legg*, 820 F.3d at 73–74.

As to Romero's NYCHRL claims, for the reasons discussed above, "'the record establishes as a matter of law' that discrimination . . . 'play[ed] no role' in the defendant's actions." *Ya-Chen Chen*, 805 F.3d at 76 (quoting *Mihalik*, 715 F.3d at 110 n.8). Thus, summary judgment was appropriate on all of Romero's claims.

\* \* \*

We have considered Romero's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk